12-2036-cr
United States v. Komar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
                 *Circuit Judges.*
-----------------------------------------------------------------------
UNITED STATES,
                 *Appellee*,

          v.                                      No. 12-2036-cr

YEVGENY KOMAR, a/k/a Jake Komar,
                 *Defendant-Appellant.*
-----------------------------------------------------------------------

FOR APPELLANT:              Robin C. Smith, Esq., San Rafael, California.

FOR APPELLEE:               Sean S. Buckley, Iris Lan, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 8, 2012, is AFFIRMED.

Yevgeny Komar, who is serving concurrent 24-month prison terms for conspiracy to commit wire fraud, see 18 U.S.C. § 1343, and for bank fraud, see id. § 1344, appeals his sentence as procedurally unreasonable. We review the procedural reasonableness of a sentence "under a deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Komar submits that the district court erred in calculating the "loss amount" attributable to his offense under U.S.S.G. § 2B1.1 as $471,000, to equal the total amount invested by victims in Komar's partnership, UAS Venture One ("the Partnership"), which owned the property at 621 East 21st Street in Brooklyn, New York (the "Brooklyn Property").[1] Komar contends that the value of the victims' equity in the Partnership should have been applied as an offset to the loss amount pursuant to U.S.S.G. § 2B1.1 Application Notes 3(C)(v) and 3(A)(i).

Komar's 3(C)(v) argument fails on the merits. Application Note 3(C)(v) provides that the "estimate of the loss shall be based on . . . [t]he reduction that resulted from the offense

---

[1] Because this loss amount resulted in an applicable Guidelines range of 33 to 41 months, Komar's concurrent 24-month sentences represented a downward variance from the Guidelines.

2

in the value of equity securities or other corporate assets." Application Note 3(C)(v) (emphasis added). Here, Komar deceived the investors in the Partnership by failing to inform them of the existence of a straw purchaser and of Washington Mutual's preexisting mortgage on the Brooklyn Property. The "loss" was the money that the investors were fraudulently induced to invest in the Partnership, irrespective of the value of the Brooklyn Property. Cf. United States v. Turk, 626 F.3d 743, 748 (2d Cir. 2010) (rejecting defendant's contention that loss amount is zero "because the properties in which her victims thought they were investing arguably had some market value," and emphasizing that victims' loss is not "decline in value of what was promised as collateral," but "principal value of the loans they made to [defendant]").

Komar's 3(A)(i) argument is similarly meritless. This provision states that "'[a]ctual loss' means the reasonably foreseeable pecuniary harm that resulted from the offense." Komar contends that the value of the Brooklyn Property should be applied as a credit toward the investors' "pecuniary harm." The application notes to § 2B1.1 do not support this argument. These application notes significantly omit any direction to apply the value of an equity stake as a credit against actual loss, even as they prescribe an offset in two related situations: (1) where money or property is returned to a victim before the offense is detected, see § 2B1.1, Application Note 3(E)(i); and (2) where collateral is pledged by the defendant to a victim, see id., Application Note 3(E)(ii). These provisions, neither of which applies here, demonstrate that the Sentencing Commission knows how to provide for an offset against actual loss, but has chosen not to do so in the circumstances urged by Komar. Cf.

3

United States v. Thorn, 317 F.3d 107, 118 (2d Cir. 2003) (declining to find restriction not set forth expressly in Guidelines, given that "the Sentencing Commission knows how to limit an enhancement" based on victim complicity).

Even if we were to conclude otherwise, however, Komar would not be entitled to resentencing based on such Guidelines error because the district court made clear that it would have imposed the same sentence even if the applicable Guidelines range had been different. See United States v. Jass, 569 F.3d 47, 68 (2d Cir. 2009) ("Where we identify procedural error in a sentence, but the record indicates clearly that 'the district court would have imposed the same sentence' in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." (quoting United States v. Cavera, 550 F.3d at 197)). In denying Komar bail pending appeal, the district court emphasized that its sentence was independent of its loss-amount calculation under the Guidelines:

> [W]e live in a different world than the pre-Booker world and so . . .
>
> I made findings under the guidelines, but ultimately I didn't follow the guidelines. I sentenced Mr. Komar to what I thought was an appropriate sentence in light of all the facts. I don't think there is much dispute about all the facts. We can argue whether or not the loss amount under the guidelines should have been higher or lower, and that is a technical interpretation of the guidelines which we had a lot of argument about that at the sentencing.
>
> Even if the Court of Appeals concludes that my interpretation of the guidelines is inaccurate . . . that doesn't change where I would come out in terms of sentencing, and so for that reason it seems to me regardless of how the appeal . . . works itself out, I haven't seen anything in your submission that would cause me to sentence Mr. Komar to anything less than what I did.

4

App. 280. It would be difficult to conjure a clearer declaration of a court's intention to "impose the same sentence" on any hypothetical remand. United States v. Cavera, 550 F.3d at 197. Indeed, this case is of the sort that we have identified as particularly appropriate for a finding that the alleged Guidelines error was harmless. See United States v. Feldman, 647 F.3d 450, 459 (2d Cir. 2011) (referencing case "deal[ing] with a single enhancement, specifically identified by the district court—and identified as uncertain—and imposed with the explicit and unambiguous declaration that the enhancement did not affect the ultimate sentence").

In sum, even if Komar had been able to demonstrate procedural error in the district court's Guidelines calculation of loss, we would deem any such error harmless in light of the district court's unambiguous statement that it would impose the same sentence in any event. We have considered Komar's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5